# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 07-58035 |
| ERIC M. SCHOEN | : | CHAPTER 13 |
| MINDY SCHOEN | | |
| DEBTORS | : | JUDGE CALDWELL |

## OBJECTION TO
## CLAIM NO. 25 OF STATE OF OHIO DEPARTMENT OF TAXATION

TO:  Ohio Department of Taxation
Bankruptcy Division
PO Box 530
Columbus, Ohio  43216
**Claim Filed:**  November 17, 20111

Now come Debtors, by counsel, and object to the proof of claim filed by the State of Ohio Department of Taxation, as to amounts and validity.  This objection is being made in order to force a determination of the actual amount due, if any, to determine the nature and validity of the claim, to request an accounting; to request the court to find that inappropriate collection attempts were made during the pendency of this Chapter 13 case in violation of 11 USC Section 362; and for an accounting based upon responsible officer liability as a result of the bankruptcy case of Xtreme Motorsports and Accessories, Inc.; and for such other and further relief as set out below.

Respectfully submitted,

/s/Judith M. McInturff
Judith M. McInturff           (0019809)
Sarah A. Williams             (0085032)
Judith M. McInturff Co., LPA
Case Attorney for Debtors
50 West Broad Street, Suite 2300
Columbus, OH 43215
(614) 464-2235
(614) 464-3823 (fax)
court@judithmcinturff.com

**MEMORANDUM IN SUPPORT**

This Chapter 13 case was filed October 5, 2007 on the heels of a Chapter 11 that had been filed on January 23, 2007 by Xtreme Motorsports and Accessories, Inc.  Debtor husband was never an appropriate signator on any Xtreme Motorsports and Accessories, Inc. accounts nor was he responsible for collection of sales tax or generation of tax returns.  The Debtors listed all such corporate claims to head off any potential future claims.

Lee Cohen was the corporate officer with fiduciary responsibility.  At all times relative, Lee Cohen has resided at 6023 Buffalo Head Trail, Dublin, Ohio 43017.  Lee Cohen ultimately filed a Chapter 7 bankruptcy on October 18, 2007.  Upon information and belief, Lee Cohen had contacted the State of Ohio and the State had full opportunity to collect against Lee Cohen, post-petition, since 2007.  Throughout these proceedings, Debtors have cooperated with the State of Ohio and has provided the State of Ohio with all information so that the State of Ohio could appropriately collect any tax as against Lee Cohen.

The State of Ohio filed claims in the Xtreme Motorsports and Accessories case.  The State of Ohio filed its claims in the instant case.  The amounts of the claims are dramatically different; no information relative to the differences were appropriately provided; and ultimately objections were made to the claims.  The State of Ohio requested time to review all filed sales taxes; to review all other claims; to assess Lee Cohen; and to otherwise attempt to prove up their claim.

Although numerous attempts to push the State of Ohio into providing information and appropriately accounting for any claims that they may have as against the Debtors, the State of Ohio took in excess of <u>four years</u> to file an amended claim in this case.  The claims were still wrong and did not provide for any accounting for any funds received from the true corporate officer.

The State of Ohio has failed to mitigate any claim it may have or may enjoy against Debtors.  The State of Ohio has failed to accurately account for any collateral collection of the claim.

The discharge in this Chapter 13 has discharged any and all penalties and personal tax to which the State of Ohio may claim, however the Debtors cannot enjoy any fresh start in the event that the State of Ohio has not appropriately collected any claim against Lee Cohen.

During the pendency of this Chapter 13, and in direct contravention of the stay as against collection imposed by 11 USC Section 362, the State of Ohio made attempts to collect as against property/income of the estate.  Further, the State of Ohio has hired no less than four (4) separate

"special counsel" in this case. Among other things, said collection attempts and confusion has forced Debtors to expend fees and costs and, in fact, forced contact with the Ohio Attorney General on many occasions to thwart the attempts of the State to circumvent the stay in place pursuant to 11 USC Section 362. Attached hereto and made a part of this objection are samples of letters that were sent to the Debtors during the pendency of this case. It should be noted that differing "special counsel" were sent to collect this tax and there was no rhyme or reason to the amounts.

Based upon the conduct of the State of Ohio; its inability to appropriately render an accounting; failure to mitigate any damages and the inability to file any meaningful claim such that Debtors could address it; and in its continual attempts to collect in violation of the stay; your Debtors respectfully request this court issue an order finding the claim should be held for naught; and awarding Debtors their attorney fees and costs. In the alternative, the Debtors respectfully request the court issue an order requiring the State of Ohio to prove up its claim by providing appropriate copies of all returns; and proving that the Debtors are not responsible for any part of said tax.

Respectfully submitted,

/s/Judith M. McInturff_____
Judith M. McInturff         (0019809)
Sarah A. Williams           (0085032)
Judith M. McInturff Co., LPA
Case Attorney for Debtors
50 West Broad Street, Suite 2300
Columbus, OH 43215
(614) 464-2235
(614) 464-3823 (fax)
court@judithmcinturff.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE:                                                          :          CASE NO. 07-58035

    **ERIC M. SCHOEN**                            :          **CHAPTER 13**
    **MINDY SCHOEN**
              DEBTORS               :          **JUDGE CALDWELL**

<u>**NOTICE OF OBJECTION TO CLAIM**</u>

    Eric M. and Mindy Schoen have filed an objection to your claim in the bankruptcy case.

<u>**Your claim may be reduced, modified, or eliminated.**</u>
**You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

    If you do not want the court to reduce, modify or eliminate your claim then on or before **thirty (30) days from the date set forth in the certificate of service for the objection to claim**, you must:

    File with the court a response explaining your position, by mailing your response by regular U.S. mail to:
              170 North High Street, Columbus, Ohio 43215

    OR your attorney must file a response using the court's ECF System.
    The court must **receive** your response on or before the date above.

You must also send a copy of your response either by (1) the court's ECF System or by (2) regular U.S. mail to:
Judith M. McInturff, Attorney at Law, 50 W. Broad Street, Suite 2300, Columbus, Ohio 43215
Office of the U.S. Trustee, 170 N. High Street, Suite 200, Columbus, Ohio 43215
Office of the Chapter 13 Trustee, 130 E. Wilson Bridge Rd., Suite 200, Worthington, Ohio 43085

    If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and may enter an order reducing, modifying, or eliminating your claim.

Dated: _____11/21/13_____                    /s/Judith M. McInturff_____
                                                       Judith M. McInturff                    (0019809)
                                                       Sarah A. Williams                     (0085032)

**I hereby certify that on November 21, 2013, a copy of the foregoing** OBJECTION TO PROOF OF CLAIM **was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:**

    Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
    Michael J Barren    mbarren@barrenmerrylaw.com
    Kerri Nunley Bruckner    sohbk@lsrlaw.com
    Brian M Gianangeli    bgianangeli@mifsudlaw.com
    Cynthia A Jeffrey    ecfsdoh@reimerlaw.com
    Judith M McInturff    court@judithmcinturff.com
    Victoria Oldham    voldham@sladoje.com, specialcounsel@sladoje.com
    Steven Henry Patterson    sohbk@lsrlaw.com
    Frank M Pees    trustee@ch13.org
    Gregory S Pope    Bankruptcy@Pope-Law-Offices.com, EAP@Pope-Law-Offices.com;PLOECF@gmail.com

**and on the following by ordinary U.S. Mail addressed to:**

| | | |
|---|---|---|
| Eric M. and Mindy Schoen<br>5505 Somerset Avenue<br>Westerville, Ohio  43082 | State of Ohio Department of Taxation<br>150 East Gay Street, 21st Floor<br>Columbus, Ohio  43215 | State of Ohio<br>Charles Mifsud, Special Counsel<br>326 S. High Street Annex, Suite 201<br>Columbus, Ohio  43215 |
| Ohio Department of Taxation<br>Bankruptcy Division<br>PO Box 530<br>Columbus, Ohio 43216 | Ohio Department of Taxation<br>Bankruptcy Division<br>c/o Rebecca L. Daum, Attorney<br>PO Box 530<br>Columbus, Ohio  43216-0530 | |

/s/Judith M. McInturff_____
Judith M. McInturff             (0019809)
Sarah A. Williams              (0085032)